UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN THRESH BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3215** |
| **TANGIPAHOA PARISH JAIL, ET AL.** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Calvin Thresh Brown ("Brown"), an inmate housed in the Tangipahoa Parish Jail ("TPJ") initially submitted a 42 U.S.C. § 1983 complaint to the United States District Court for the Middle District of Louisiana in which he alleges that he has been denied adequate medical care because the prison officials have not timely presented him for dialysis for his chronic kidney and heart conditions. ECF No. 1, ¶IV, at 3-4 (Deficient Complaint). Brown did not pay the filing fee or submit a pauper application with his Complaint.

Upon transfer of the case to this Court, Brown was provided notice of this deficiency by the Clerk of Court on August 11, 2023. ECF No. 4. The Clerk also provided him with a copy of the necessary form. Brown returned a partially completed pauper application to the Clerk on September 18, 2023. ECF No. 5. He did not provide the inmate account certification required by law and which is necessary to properly consider his eligibility to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(2). The Clerk of Court sent Brown a notice of this continued deficiency on

September 20, 2023, and provided him . ECF No. 6. The Clerk again provided Brown with the necessary form in the same envelope as the notice.

On November 2, 2023, Brown sent a response to the deficiency notice requesting another copy of the certification page of the pauper form to submit to the prison officials. ECF No. 7. On November 8, 2023, the undersigned Magistrate Judge issued an Order requiring that, on or before December 7, 2023, Brown show cause for his failure to comply with the prior notices of deficiency and that he provide the certification of his inmate account for the Court to address his pauper request. ECF No. 8. The Court also provided a Statement of Account certification page with the show cause order. *Id*., at 3. The Clerk of Court mailed the Order and Statement of Account page to Brown at his address of record at the TPJ. The envelope has not been returned as undeliverable, and Brown has not responded or complied with the show cause order.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III. Analysis

Brown has not replied to the Clerk of Court's deficiency notice or the Court's show cause order. He also has not paid the filing fee or submitted a certified pauper application to initiate this suit. Brown is proceeding *pro se*, and his failure to comply with the notice and the Court's order is solely the result of his own actions or inactions. He has been given adequate opportunity to comply with the court's prior order and has failed to do so. His failure has resulted in the Court's inability to move forward with this case and its docket. For these reasons, Brown's civil rights complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that Calvin Thresh Brown's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 21st day of December, 2023.

                              **KAREN WELLS ROBY**
                         **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.